## Staccone et ux. v. Scranton-Spring Brook Water Service Co. et al.

*Patrick H. Fierro*, for plaintiff.

*Candor, Youngman & Gibson,* for defendant.

*Charles R. Bidelspacher,* for additional defendant.

WILLIAMS, P. J., June 28, 1955.—Plaintiffs sued the Scranton-Spring Brook Water Service Company and the Lycoming Construction Company. Defendants then brought in three additional defendants.

Original defendants now make a written motion requesting leave of court to discontinue the action against additional defendants. Plaintiffs object.

Original defendants' written motion was based on rule 229(*b*) of the Pennsylvania Procedural Rules.

Rule 229(*b*) rules as follows:

"A discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties."

We are of the opinion that rule 229 was written for the voluntary termination of actions by plaintiff before commencement of the trial. We are of the opinion that its writers did not have in mind voluntary discontinuances of an action against one set of defendants upon the motion of another set of defendants.

It is true that the action against additional defendants was not brought by plaintiffs. Pa. R. C. P. 2255(*d*), however, reads as follows: "The plaintiff shall recover from an additional defendant found liable to him alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability." Plaintiff, therefore, has the same rights he would have had, had he brought the action himself, and it would appear that he is the only person who can discontinue the action. At least it cannot be discontinued over his objection, and we so rule.

And now, June 28, 1955, the motion is refused.